Milton D. ROTHSCHILD, Respondent,

v.

Stan CAMPBELL, Appellant.

No. 51669.

Missouri Court of Appeals,
Eastern District,
Division Six.

Jan. 27, 1987.

Lawrence O. Willbrand, St. Louis, for appellant.

Steven I. Rapaport, Dana D. Eilers, St. Louis, for respondent.

DONALD L. MANFORD, Special Judge.

This is a civil action for damages for breach of contract. The judgment is reversed and the cause remanded.

Appellant, defendant at trial, was hired by respondent, plaintiff at trial, to install a new roof on a building owned by respondent. Appellant performed the job and was paid the sum of $7,500.00 for the job. Respondent testified that within the last sixty days or at the first heavy rain, the roof leaked at several locations. Respondent did not personally observe the roof and could not specify the location or extent of the leaks. Respondent called one Bobby Hill, who also was a roofer. Hill testified that he would not have done the job in the manner as did appellant. He also verified the roof leaked and that he patched the leaks.

A case of appellant's liability was established by substantial evidence before the trial court. There is, however, a total lack of proof of damages in support of the judgment. The case was tried to the court without a jury. Respondent testified that he wrote two checks for the repair of the roof following its installation by appellant. Respondent could not testify as to the amounts of the two checks, nor as to any other costs incurred as a result of having to patch the roof. Respondent asserts that his damages were proven by his testimony of the actual sale of the property, that is, $80,000.00 upon his original purchase and $95,000.00 upon sale, and his further testimony that had the roof not leaked, a reasonable sale price would have been $110,-000.00. On such evidence, the trial court entered judgment for respondent for $5,000.00, the limit of the trial court's jurisdiction.

There was no evidence, let alone substantial and sufficient evidence, to sustain the award of $5,000.00 damages in said cause.

As noted above, the evidence was substantial and sufficient to establish appellant's liability for breach of contract.

The judgment is reversed and the cause remanded for further proceedings upon the issue of damages only.

DOWD, P.J., and REINHARD, J., concur.